```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GE DANDONG et al.,

                      Plaintiffs,

-v-

PINNACLE PERFORMANCE LTD. et al.,

                      Defendants.

10 Civ. 8086 (JMF)

MEMORANDUM OPINION
AND ORDER

JESSE M. FURMAN, United States District Judge:

      On October 9, 2012, the Honorable Leonard B. Sand — to whom this case was previously assigned — granted Plaintiffs' application for a protective order for confidential mediation communications regarding their basis for investment in certain notes and the materials on which they relied in doing so. *See Dandong v. Pinnacle Performance Ltd.*, No. 10 Civ. 8086 (LBS), 2012 WL 4793870 (S.D.N.Y. Oct 9, 2012) (Docket No. 103). Applying the test for discovery of confidential mediation communications adopted by the Second Circuit in *In re Teligent*, 640 F.3d 53, 58 (2d Cir. 2011), Judge Sand held that Defendants[1] had not shown the requisite "special need" for the materials. *See Dandong*, 2012 WL 4793870, at *4. On October 23, 2012, a week after the case was reassigned to the undersigned, Defendants moved for reconsideration of Judge Sand's order. (Docket No. 106). For the reasons stated below, that motion is DENIED.

---

[1] As noted in Judge Sand's Memorandum and Order, Defendant Pinnacle Performance Ltd. "did not join the document request or oppose Plaintiffs' objection because it 'has not entered a general appearance in this action and continues to assert that it is not subject to personal jurisdiction in the Southern District of New York.'" *Dandong*, 2012 WL 4793870, at *1 n.1 (quoting Defs.' Resp. Pls.' Objections 1 n.1). Pinnacle Performance Ltd. did not join this motion for reconsideration either. Thus, the term "Defendants" in this Memorandum Opinion and Order does not include Pinnacle.

1

## DISCUSSION

### A. Motion for Reconsideration

Significantly, on a motion for reconsideration, the standard is not whether this Court would rule in the same way if presented with the question for the first time. That is because "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Cartagena*, No. 10 Crim. 222-2, 2012 WL 2958175, at *2 (S.D.N.Y. July 20, 2012) (quoting *Montanile v. NBC*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002)) (internal quotation marks omitted). In order to prevail, therefore, the moving party "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y. 1999)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

Applying that strict standard here, Defendants' motion fails. The closest Defendants come to showing that Judge Sand "overlooked" a controlling decision is their argument in reference to *Baker v. U.S. Steel Corp.*, 492 F.2d 1074, 1079 (2d Cir. 1974), in which the Second Circuit stated that a party could have a "compelling need for impeachment" that would justify disclosure of otherwise confidential grand jury transcripts. (Defs.' Mem. of Law 9). Defendants' reliance on *Baker* is misplaced, however, for at least three reasons. First, Defendants did not cite *Baker* in their original submissions, which means that it cannot be

considered on a motion for reconsideration. *See, e.g.*, *Levin v. Gallery 63 Antiques Corp.*, No. 04 Civ. 1504 (KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) (explaining that only overlooked facts or controlling authority presented in the underlying matter can be considered on a motion for reconsideration). Second, *Baker* is not "controlling," both because it did not relate to confidential mediation materials and because the relevant portion of the opinion is dicta. *See Baker*, 492 F.2d at 1075-76 ("Since we find these interlocutory orders to be non-appealable, we must dismiss these appeals."); *see also B.V. Optische Industrie de Oude Delft v. Hologic, Inc.*, 925 F. Supp. 162, 164 (S.D.N.Y. 1996) (holding that discussion in a Second Circuit opinion is not "controlling authority" because it "is *dicta*"); *United States v. Sasbon*, No. 10 Crim. 133 (SJF), 2011 WL 867177, at *2 n.2 (E.D.N.Y. Mar. 8, 2011) (explaining that dicta from a Second Circuit opinion "is not a controlling decision").

And third, the Second Circuit's use of the word "compelling" notwithstanding, the test applied in *Baker* — regarding disclosure of grand jury information — is actually a "particularized need" test. *Baker*, 492 F.2d at 1076 ("Plaintiffs were unable to satisfy the test of showing a 'particularized need for the testimony . . . .'" (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677 (1958)); *see also United States v. Laster*, 313 F. App'x 369, 371 (2d Cir. 2009) ("The presumption of secrecy and closure that applies to grand jury proceedings can be rebutted by a showing of particularized need outweighing the need for secrecy."). The potential analogy between the grand jury "particularized need" test and *In re Teligent*'s "special need" test was not overlooked by Judge Sand; it was explicitly rejected. *See Dandong*, 2012 WL 4793870, at *6 ("By contrast, when Defendants assert that their need was 'special,' they cite cases that show only that impeachment is a 'particularized' need. *See Dennis v. United States*, 384 U.S. 855, 870 (1966) (quoting *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 683

(1958)) (finding that using a grand jury transcript to impeach a witness is a 'particularized need'); . . . .").

The remainder of Defendants' arguments — all of which the Court has considered — amount to little more than an attempt to relitigate arguments rejected or ruled irrelevant by Judge Sand. That is not a proper basis for reconsideration, even — perhaps especially — when the case has been reassigned to a new judge in the interim. *See Salinas v. City of San Jose*, No. 5:09 Civ. 04410 (EJD), 2011 WL 3739555, at *3 (N.D. Cal. Aug. 23, 2011) ("This Motion appears to be an attempt to raise before a new judge arguments that were found unconvincing by the judge who issued the subject interlocutory order. That is certainly not the reason the reconsideration mechanism exists."). Put simply, case reassignment does not put settled issues back into play. If it did, the result would be increased uncertainty and needless depletion of judicial resources.

## B. Sealing of the Parties' Submissions

The parties submitted their papers in connection with the present motion under seal, pursuant to a confidentiality order that allows the parties to file documents containing or referring to confidential discovery material under seal unless the Court unseals the documents. (*See* Stipulation and Agreed Confidentiality Order ("Confidentiality Order") ¶ 10, Mar. 5, 2012, (Docket No. 67)). It is well established, however, that "a presumption of immediate access [to judicial documents] applies under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113 (2d Cir. 2006). Before a court can allow parties to file sealed judicial documents, therefore, it must analyze each document under the common law and First Amendment tests, making a particularized decision about whether sealing is both warranted and narrowly tailored to the interests justifying such sealing. *See id.* at 119-20 (describing both tests and their document-specific factors). The consent of the parties is not a

4

valid basis to justify sealing, as "the rights involved are the rights of the public." *Vasquez v. City of N.Y.*, No. 10 Civ. 6277 (LBS), 2012 WL 4377774, at *3 (S.D.N.Y. Sept. 24, 2012) (citing *United States v. King*, No. 10 Crim. 122 (JGK), 2012 WL 2196674, at *1 (S.D.N.Y. June 15, 2012)); *see also Wolinsky v. Scholastic Inc.*, — F. Supp. 2d —, No. 11 Civ. 5917 (JMF), 2012 WL 2700381, at *5 (S.D.N.Y. July 5, 2012) ("[T]he presumption of public access would become virtually meaningless if it could be overcome by the mutual interest of the parties . . . .").

Putting aside the confidential mediation materials, which Plaintiffs submitted to the Court *in camera* (and which the Court has reviewed), nothing in the parties' submissions — which largely involve legal argument concerning the correctness of a public district court opinion — would appear to warrant sealing in light of the public's common law and First Amendment rights of access. Accordingly, those submissions will be unsealed unless, within fourteen days of this Memorandum Opinion and Order, the parties show good cause for them to remain sealed. Moreover, going forward, the parties must obtain Court permission before any document is filed under seal; the Court's determination will be made, if ever, on a document-by-document basis. To the extent that the Stipulation and Agreed Confidentiality Order signed by Judge Sand suggests otherwise (*see* Confidentiality Order ¶ 10), it is hereby modified.

## CONCLUSION

For the reasons set forth above, (1) Defendants' motion for reconsideration is DENIED; (2) the parties are ordered to show good cause in writing why their submissions in connection with this motion (aside from the confidential mediation materials submitted to the Court *in camera*) should remain under seal; and (3) going forward, the Confidentiality Order is modified such that documents shall be filed under seal only with Court approval.

The Clerk of the Court is ordered to close Defendants' motion.  (Docket No. 106).

SO ORDERED.

Dated: December 3, 2012
       New York, New York

                                                JESSE M. FURMAN
                                         United States District Judge